UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WOODROW FLEMMING,                          :
                                           :
                        Plaintiff,         :
                                           :
          -against-                        :          **OPINION**
                                           :          02 Civ. 4113 (RLC)
EDWARD VELARDI, et al.,                    :
                                           :
                        Defendants.        :
_____X

APPEARANCES

Woodrow Flemming
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
*Pro se* Plaintiff

Brian Guenther Maxey
NYC Law Department, Office of the Corporation Counsel
100 Church Street
New York, NY 10007
Attorney for Defendants

Caroline Ling-Yu Chen
New York City Law Department
100 Church Street
New York, NY 10007
Attorney for Defendants

Jordan Michael Smith
NYC Law Department
100 Church Street
New York, NY 10007
Attorney for Defendants

Vikrant Pawar
Vik Pawar, Attorney at Law
321 Broadway
Suite 200
New York, NY 10007
Attorney for Defendants

**ROBERT L. CARTER, District Judge**

**INTRODUCTION**

Woodrow Flemming ("Flemming" or "plaintiff") was arrested on February 28, 2001, by New York City Police Officers Edward Velardi ("Velardi") and Christopher Tenore ("Tenore") (together, "defendants"). On March 14, 2001, he pled guilty to Criminal Possession of a Controlled Substance in the Seventh Degree under N.Y. PENAL LAW § 220.03 and was sentenced to 30 days' imprisonment. On May 31, 2002, Flemming brought a civil action against defendants, alleging false arrest and excessive use of force. On July 16, 2008, following a three day trial, a jury returned a verdict in favor of defendants.

Flemming now moves *pro se* pursuant to Federal Rules of Civil Procedure 15(c), 34, 50(b), 51, 52, 59(b), and 60(b)(6) to overturn or otherwise disturb the verdict. For the reasons below, Flemming's motion is denied in its entirety.

**DISCUSSION**

*I.     Federal Rule of Civil Procedure 50(b).*

Flemming moves for an order to vacate the verdict pursuant to Rule 50(b). Flemming's motion, which followed the jury's verdict, was not preceded by a Rule 50(a) motion for judgment as a matter of law before the case was submitted to the jury, therefore it is procedurally barred. "There is no provision for a [motion for judgment as a matter of law] to be made for the first time after trial." McCardle v. Haddad, 131 F.3d 43, 50-51 (2d Cir. 1997); see also Rojas v. Theobald, 02 Civ. 3623 (DRH) (MLO), 2007 WL 2455133, at *2 (E.D.N.Y. Aug. 23, 2007) (a district court cannot entertain a Rule 50(b) motion unless the movant has first requested judgment as a matter of law before the case is submitted to the jury).

Flemming blames his trial counsel for failing to make a proper Rule 50(a) pre-verdict motion. Even if the court credits Flemming's representation that his instructions to counsel to move for judgment as a matter of law went unheeded, it would not follow that he has a right to a new trial. Although a lawyer is bound to "abide by a client's decisions concerning the objectives of representation," Jones v. Barnes, 463 U.S. 745, 753 n.6 (1983) (quoting ABA Model Rules of Professional Conduct R. 1.2(a)), since there is no constitutional or statutory right to effective assistance of counsel in civil cases, Livingston v. Santos, No. 00-0094, 2001 WL 127292, at *33 (2d Cir. Feb. 14, 2001) (summary order) (citing United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981)), Flemming's sole remedy is a malpractice suit against his attorney.

Accordingly, Flemming's motion pursuant to Rule 50(a) is denied.

II.     *Federal Rule of Civil Procedure 60(b).*

Flemming moves under Rule 60(b)(6) for relief from the final judgment. Although a final judgment is still forthcoming, the court will consider Flemming's motion on the merits.

"Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "[Rule 60(b)] should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.' Id. (internal citations omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Id. (citing Ben Sagar Chemicals Intern., Inc. v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)). Rule 60(b)(6) applies when no other subsection of Rule 60(b) is available, see id. at 63, and may override the finality of judgments in the interests of justice, see Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994). This court

finds that nothing extraordinary surrounding the facts of this case warrant the use of any equitable powers under Rule 60(b)(6).

In support of his motion, Flemming mentions defendants' alleged use of hand signals to the jury during the trial, and makes vague allegations that defendants and others propounded perjurious testimony. These alleged manipulations do not fall within the scope of Rule 60(b)(6), however. They fall within the scope of Rule 60(b)(3) as a potential "fraud upon the court."

Rule 60(b)(3) empowers the court to relieve a party from a final judgment because of fraud, misrepresentation, or misconduct by an opposing party. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relititgate the merits." Flemming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Here, Flemming does not provide the court with any evidence to support his allegations of fraud, misrepresentation or misconduct. He neither articulates in a nonconclusory manner the basis for his claims, nor does he offer any clear and convincing evidence to support them.

Accordingly, Flemming's motion pursuant to 60(b) is denied.

III.     Federal Rules of Civil Procedure 15(c)(2), 34, 51, 52, and 59(b).

Flemming, in correspondence subsequent to his original motion, refers in passing to Rules 15(c)(2), 34, 51, 52, and 59(b). These ensuing letters seem to seek additional relief pursuant to these provisions. However, Flemming fails to state with any degree of particularity how these rules apply, and he develops no arguments in support of his invocations. Since Flemming is moving *pro se*, the court is bound to construe his claims favorably and interpret them as raising the strongest arguments they suggest. See

McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Notwithstanding, the court concludes that they are meritless. Accordingly, Flemming's motion is denied.

## Conclusion

For the foregoing reasons, plaintiff's motions to vacate or otherwise disturb the verdict are denied.

The Clerk of the Court is hereby ordered to close this case.

**IT IS SO ORDERED.**

DATED: New York, New York
November 12, 2008

_____
Robert L. Carter
United States District Judge

5